IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-214-MJR |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for alleged violations of his First Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE AMENDED COMPLAINT[1]

Plaintiff alleges that beginning in November 2008, while he was confined at Pinckneyville Correctional Center, and continuing through his current confinement at Menard Correctional Center, unknown members of the mail staff at both institutions, destroy and interfere with both his outgoing and his incoming mail - including legal mail from an outside attorney - in violation of his First and Fourteenth Amendment rights. Plaintiff asserts that Defendant Clark is "fully aware" of the

---

[1] Plaintiff filed his original complaint (Doc. 1) on March 18, 2010, and his first amended complaint (Doc. 5) on April 12, 2010. Plaintiff filed his second amendment complaint (Doc. 8) on September 20, 2010. Technically, Plaintiff needed leave of court to file his seconded amended complaint. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court liberally construes the second amended complaint as also a motion for leave to amend, which the Court will grant. Plaintiff's second amended complaint (Doc. 8) supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). It appears that in the second amended complaint, Plaintiff has dropped his claims against the Illinois Department of Corrections (IDOC). Accordingly, the IDOC will be dismissed as a defendant in this action.

interference with his mail yet "condones it." Plaintiff further alleges that Defendants Bendoff and Shemonic were aware of the interference. The complaint details various correspondence that Plaintiff claims has been interfered with including: (1) an order for coloring books made to Kappa Inc. to be sent to "Little Tiffany" (Plaintiff alleges the order was never received by Kappa); (2) post-conviction pleadings sent to the Clerk of the Cook County Court and to the State's Attorney for Cook County (Plaintiff alleges that the Clerk's Office states that they did not receive any post-conviction action); and (3) mail to the state court and opposing attorneys concerning Plaintiff's pending action in the state court of claims (Plaintiff states that his motions have been destroyed).

**DISCUSSION**

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). While a prisoner's First Amendment rights may be impinged or limited by a prison regulation that is reasonably related to legitimate penological interests, *Turner v. Safley*, 482 U.S. 78, 89 (1987), the instant complaint appears to allege conduct taken by the Defendants with respect to Plaintiff's mail that has no legitimate penological interest. Therefore, the Court is unable to dismiss the complaint at this time.

The Court notes, however, that in his second amended complaint, Plaintiff asks when he is going to be appointed an attorney. The Court's records indicate that Plaintiff has not filed a motion seeking appointment of counsel. Treating the instant inquiry as such a request, the Court notes that when presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the

inquiry, Plaintiff states that he is unable to obtain counsel because his outgoing mail is being interfered with.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago v. Walls*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, _ F.3d _, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case). Plaintiff's claim does not appear to be factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, Plaintiff's complaint adequately articulates his claim. Defendants have not yet been served with process and, therefore, have not yet filed a reply or answer to the complaint. Future developments may change the Court's mind on whether counsel should be appointed or not. At this early stage and time, though, the Court concludes that Plaintiff appears to be competent to litigate his case. Therefore, Plaintiff's request for the appointment of counsel is **DENIED**, without prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff is granted leave to file his second amended complaint (Doc. 8). The second amended complaint supersedes and replaces the original complaint and the first amended complaint. Because there are no claims asserted against it in the second amended complaint, the IDOC is dismissed as a defendant in this action.

**IT IS FURTHER ORDERED** that Plaintiff's request in the second amended complaint to appoint him counsel is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants Bendoff, and Mr. Clark within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[2] The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants Clark, Bendoff, and Shemonic.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants Clark, Bendoff, and Shemonic in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on "All Mailroom Staff" until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of the IDOC who no longer can be found at the work

---

[2] The Court's records indicate that Plaintiff has already submitted a USM-285 form for Defendant Sheonic.

address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED**.

**DATED this 13th day of October, 2010.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**