IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–214–MJR–SCW |
| | ) |
| **SUPERVISOR BENDOFF and MR. CLARK,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Plea/Motion (Doc. 72) filed by Plaintiff Hall. The Court notes that the motion is seven pages and often confusing and hard to understand. While it is not entirely clear to the Court what relief Plaintiff is seeking in his motion, it appears that Plaintiff seeks to amend his Complaint in order to add a request for injunctive relief. The Court finds several issues with Plaintiff's motion. The Court first notes that if Plaintiff is indeed seeking to amend his Complaint, he has utterly failed to file the Local Rules as to amending a Complaint. Plaintiff has not submitted a proposed Amended Complaint as required by the Local Rules. Further, Plaintiff seems to seek injunctive relief against individuals, including all IDOC employees and Ms. Paula Rich, Ms. Michelle R. Clark, and Mr. Delong, who, although Plaintiff lists them as Defendants, are not currently parties to the case, but at no point in his motion does he request leave to add these individuals as parties to his Complaint. Thus, the Court **DENIES** Plaintiff's motion.

Even if Plaintiff is merely seeking a preliminary injunction or temporary restraining order rather than seeking to amend his Complaint and add a request for injunctive relief, Plaintiff's motion still fails. A TRO may issue without notice

only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**FED.R.CIV.P. 65(b).**

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, **176 F.3d 1004, 1011 (7th Cir. 1999);** *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc.*, **549 F.3d 1079, 1086 (7th Cir. 2008) (recently setting forth a threshold showing of the first three prongs and a balance of the harms should the party survive the threshold inquiry).**

The Court is of the opinion that neither a TRO nor a preliminary injunction should be entered in this case. While Plaintiff says that he can show, by video, that he will suffer an irreparable harm, he is not set out what that harm might be. He only states that he can show if allowed to appear by video, which is not enough in this case. Plaintiff has failed to even set out what time of harm he will suffer without the injunction. Nor has Plaintiff demonstrated a likelihood of success on the merits. Thus, the Court finds that a TRO or preliminary injunction is not appropriate in this case.[1]

---

[1] Even if Plaintiff had tried to offer some facts to meet the standard for a TRO or preliminary injunction, the Court would still be reluctant to grant such relish, as federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

As a final note, the Court points out that Plaintiff only requested counsel at the very beginning of this case, but that counsel was denied because he had not met the threshold burden of demonstrating that he had made a reasonable attempt to obtain counsel on his own (Doc. 19). However, in reading several of Plaintiff's most recent motions, it is clear to the Court that Plaintiff is having trouble presenting his legal arguments adequately to the Court. Thus, the Court invites Plaintiff to again file a motion to appoint counsel once he has met his threshold burden of making a reasonable attempt to obtain counsel. In filing a subsequent motion to appoint counsel, the Court **DIRECTS** Plaintiff to (1) contact at least **THREE** attorneys regarding representation in this case prior to filing a motion for appointment; (2) include in the motion the name and addresses of the three attorneys he contacted; and (3) if available, attach the letters from the attorneys who declined representation.

**IT IS SO ORDERED.**

DATED: November 29, 2011.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge