**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL HALL,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SUPERVISOR BENDOFF, and MR. CLARK,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 10-cv-0214-MJR** |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Michael Hall is a prisoner in the custody of the Illinois Department of Correction. On March 18, 2010, Hall, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S. C. § 1983, alleging that prison officials violated his constitutional rights (Doc. 1). Less than one month later, on April 12, 2010, an amended complaint was filed (Doc. 5). A second amended complaint was filed on September 20, 2010 (Doc. 8); it remains the controlling pleading. Plaintiff alleges that, beginning in 2008, the defendant prison officials at Pinckneyville Correctional Center and Menard Correctional Center, where he was housed, destroyed and interfered with his mail, in violation of his rights under the First and Fourteenth Amendments. See Doc. 11. At this juncture, only two defendants remain: (1) David Bendorff; and (2) Don Clark.

Defendants Bendorff and Clark have moved for summary judgment, asserting that Plaintiff Hall failed to exhaust administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a) (Doc. 40; *see also* Doc. 41 (Memorandum in Support)). Plaintiff Hall filed a response (Doc. 44; *see also* Doc. 45 (supplemental pages admitted per Doc. 50)). In accordance

with 28 U.S.C. § 636(b)(1)(B), the motion was referred to an assigned United States Magistrate for a report and recommendation. *See* Doc. 11. Consistent with the dictates of *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), an evidentiary hearing was held before United States Magistrate Judge Stephen C. Williams on November 3, 2011 (Doc. 74 (Transcript of Hearing)). Judge Williams subsequently ordered Defendants to file relevant grievances (Doc. 55), some of which were filed, while Defendants indicated others could not be located (Doc. 59).

Judge Williams issued a report and recommendation on November 18, 2011, recommending that the Court find that Plaintiff Hall did exhaust administrative remedies as required and, consequently deny Defendants' motion for summary judgment (Doc. 67). More specifically, Judge Williams found Defendants' evidence to be contradictory and confusing, not clearly establishing that Plaintiff had failed to exhaust administrative remedies. *See* Doc. 67, pp. 11-12. Judge Williams concluded that Defendants had not met their burden of establishing the affirmative defense. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Both the Report (Doc. 67, p. 12) and a separate Notice attached thereto (Doc. 67-1) advised the parties of their right to challenge Judge Williams's findings and conclusions by filing "objections" within 14 days. To date, no objections have been filed by. On November 28, 2011, Plaintiff Hall filed what is captioned "Objection," but which clearly states: "Plaintiff has "No Objection" to: Magistrate Judge's, [sic] Stephen C. Williams [sic] decision! The end[.]" Doc. 69. Plaintiff's "Objection" also referenced staying the case, and requesting an emergency telephone conference. Without explanation, Plaintiff cites *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), and *Lewis v. Casey*, 518 U.S. 343 (1996). A review of the cases cited by Plaintiff does not reveal their relevance to the exhaustion issue. Rather, the cases appear to be relevant to the merits of the First Amendment claims. Thus, no objections to Judge Williams's report and

recommendation have actually been filed. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).

Accordingly, the undersigned District Judge **ADOPTS in its entirety** Judge Williams's Report and Recommendation (Doc. 67), and **DENIES** Defendants' motion for summary judgment (Doc. 40). This case shall proceed against Defendants Bendoff and Clark.

**DATED: December 15, 2011**

**s/ *Michael J. Reagan***
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**