IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL HALL,** | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| | ) Case No. 10-cv-0214-MJR |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) |
| **SUPERVISOR BENDOFF,** | ) |
| **LISA SHEMONIC,** | ) |
| **MR. CLARK, and** | ) |
| **MAIL ROOM STAFF,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Michael Hall is a prisoner in the custody of the Illinois Department of Correction. On March 18, 2010, Hall, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S. C. § 1983, alleging that prison officials violated his constitutional rights (Doc. 1). Plaintiff alleges that, beginning in 2008, the defendant prison officials at Pinckneyville Correctional Center and Menard Correctional Center, where he was housed, destroyed and interfered with his mail, in violation of his rights under the First and Fourteenth Amendments. On September 20, 2012, final judgment was entered against Hall on all claims. On October 2, 2012, Hall filed a notice of appeal.

Hall is now before the Court seeking permission to pay a partial appellate filing fee toward his appeal in this case, and in another case in this district, *Hall v. Thomas*, No. 10-cv-0633-JPG. A similar motion regarding paying a partial appellate filing fee has been filed in *Hall v. Thomas*, No. 10-cv-0633-JPG, which is before United States District Judge J. Phil Gilbert for decision. With respect to the motion in the present case, the undersigned district judge perceives

1

that Hall is actually seeking leave to proceed as a pauper on appeal, pursuant to 28 U.S.C. § 1915(a)(2).

Section 1915(a) requires submission of an affidavit stating all of his assets and reflecting that the appellant is unable to pay the filing fee, and submission of a certified copy of the Prisoner's trust fund account for the six-month period immediately preceding the filing of the notice of appeal. Also, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000)).

Hall submitted a trust fund statement reflecting only a two-month period preceding his appeal, and no affidavit was submitted. The Court cannot discern Hall's assets or source of income based on the limited documentation submitted. Hall began with a $590.45 balance and ended with $461.69. His two largest expenditures were $38.00 for *Playboy*, and $37.33 for commissary items; he also had two $5.00 medical co-payments. Therefore, Hall can pay the $455.00 docketing fee for his appeal in this case, or his other case. He does not have sufficient funds to pay both appellate filing fees in full. However, if one filing fee is paid in full, Hall could then financially qualify as a pauper relative to the other action (leaving the question of whether the appeal was taken in good faith). Hall may have strategic reasons for wanting to pay the fee for a particular appeal, thereby ensuring that it will proceed—rather than taking a chance that the Court will find that the appeal is not taken in good faith. The Court will allow Hall to make these decisions for himself and submit a properly supported motion(s).

**IT IS THEREFORE ORDERED** that Hall's motion to proceed on appeal as a pauper (Doc. 100) is **DENIED** without prejudice.

The Clerk of Court is directed to send Hall two form applications for leave to proceed in forma pauperis.

**IT IS SO ORDERED.**

**DATE:  October 18, 2012**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
