IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 10-cv-0214-MJR |
| ILLINOIS DEPT. OF CORRECTIONS, | ) |
| SUPERVISOR BENDOFF, | ) |
| LISA SHEMONIC, | ) |
| MR. CLARK, and | ) |
| MAIL ROOM STAFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Michael Hall is before the Court making his second attempt to appeal as a pauper. He has filed three motions and a "notice" (Docs. 103-106).

Plaintiff Hall is a prisoner in the custody of the Illinois Department of Correction. On March 18, 2010, Hall, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S. C. § 1983. , alleging that prison officials violated his constitutional rights (Doc. 1). Plaintiff alleges that, beginning in 2008, the defendant prison officials at Pinckneyville Correctional Center and Menard Correctional Center, where he was housed, destroyed and interfered with his mail, in violation of his rights under the First and Fourteenth Amendments. On September 20, 2012, final judgment was entered against Hall on all claims.

On October 2, 2012, Hall filed a notice of appeal. By Order dated October 29, 2012, Hall's motion to appeal in forma pauperis was denied without prejudice. Hall had failed to submit a financial affidavit and trust fund records for a six-month period, as required pursuant to 28 U.S.C. § 1915(a)(2). Also, the limited financial information submitted indicated that Hall had

1

a balance of $461.69—more than the $455.00 docketing fee. However, Hall simultaneously sought leave to appeal in *Hall v. Thomas*, No. 10-cv-0633-JPG; therefore, he was left to decide which filing fee would be paid in full, and to properly move for pauper status in the other case. A similar directive was issued in *Hall v. Thomas*, No. 10-cv-0633-JPG. Hall is now before the Court seeking leave to appeal as a pauper in this case. He has not taken any action relative to *Hall v. Thomas*, No. 10-cv-0633-JPG.

Among the four documents Hall submitted to the Court is an affidavit and financial affidavit reflecting that he has "maybe $61.00" (Doc. 105). According to Hall, the trust fund documentation previously submitted failed to reflect that he had directed prison officials to send $400 to his 79-year-old aunt, who is sick and needs the money more than he (Doc. 103). The Court need not get into whether Hall is merely trying to transfer funds in and out of his account in order to avoid paying filing fees in full. Hall has <u>again</u> failed to submit a certified copy of his trust fund account for the six-month period immediately preceding the filing of the notice of appeal. Therefore, Hall has failed to comply with 28 U.S.C. § 1915(a)(2) and his motion(s) to proceed as a pauper must be denied on that basis alone.

More problematic for Hall is that documentation submitted reveals that he has more than three "strikes"—meaning actions or appeals that were dismissed as frivolous, malicious, or that failed to state a claim upon which relief may be granted. *See Hall v. Taylor*, 11-cv-021-GPM (dismissed Feb. 5, 2011, for failure to state a claim); *Hall v. Carter*, 10-cv-944-GPM (dismissed Feb. 6, 2011, for failure to state a claim); *Hall v. Gardener*, 10-cv-539-GPM (dismissed Feb. 9, 2011, for failure to state a claim); *Hall v. Pautler*, 10-cv-766-GPM (dismissed Feb. 12, 2011, for failure to state a claim); *Hall v. Taylor*, 10-cv-947-GPM (dismissed Feb.12, 2011, as frivolous); *Hall v. Allsup*, 10-cv-643-MJR (dismissed Mar. 28, 2011, for failure to state

a claim); *Hall v. Randle*, 10-cv-642-MJR (dismissed Apr. 1, 2011, as frivolous and for failure to state a claim); *Hall v. Brown*, 10-cv-724-GPM (dismissed Apr. 13, 2011, for failure to state a claim); and *Hall v. IDOC, et al.*, 11-cv-1468-MMM (dismissed February 8, 2012, for failure to pay filing fee and violations of Rules 8, 18, and 20). According to 28 U.S.C. § 1915(g), a prisoner who has three strikes or more, may not proceed as a pauper unless he is under imminent danger of serious physical injury. *See also Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1172 (7th Cir. 2010). The threat or condition must be real and proximate, the potential consequence is serious physical injury, and the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini*, 352 F.3d at 330; *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Hall indicates that he is imminent danger from prison officials' failure to provide medical care and "attempted murder" by prison dietary workers (*see* Doc. 104, pp. 7-10). However, this case pertains to Hall's ability to send and receive mail, which does not pose a risk of imminent physical injury. Hall's concerns about his medical treatment and safety appear to be the subject of pending action in the Central District of *Illinois, Hal v. Prentice*, No. 12-cv-1221-MMM-BGC. Consequently, whether Hall can appeal as a pauper in this case, or whether he must prepay the $455.00 appellate filing fee will not impact his physical safety. Hall is ineligible to proceed as a pauper.

**IT IS THEREFORE ORDERED** that Michael Hall's motion for leave to proceed on appeal as a pauper (Docs. 103-106) is **DENIED**, leaving him obligated to pay the full $455.00 appellate filing fee before this case can proceed.

If Hall wishes to contest this Court's findings, he must renew his petition to proceed in forma pauperis with the Court of Appeals within 30 days after service of this Order. *See* Fed.R.App.P. 24(a)(5).

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATE: October 31, 2012**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**